**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2364
_____

UNITED STATES OF AMERICA

v.

JESUS BRISENO-FLORES,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 1-21-cr-00196-001)
U.S. District Judge:  Honorable Jennifer P. Wilson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 6, 2023
_____

Before:  SHWARTZ, MATEY, and FISHER <u>Circuit Judges</u>.

(Filed:  October 12, 2023)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Jesus Briseno-Flores appeals his illegal reentry conviction and sentence.  Because there are no nonfrivolous issues warranting review, we will grant his counsel's motion to withdraw under Anders v. California, 386 U.S. 738 (1967), and affirm.

I

Briseno-Flores is a native and citizen of Mexico, who has entered and been removed from the United States several times.  In 2019, he was convicted of attempted illegal reentry, a felony, and sentenced to nine months' imprisonment and two years' supervised release by the United States District Court for the Southern District of California.[1]  After his release, Briseno-Flores was again removed to Mexico but, several years later, law enforcement arrested him in Dauphin County, Pennsylvania.  He was charged with and pleaded guilty to being found in the United States after having been removed and after having a felony conviction, in violation of 8 U.S.C. §§ 1326(a) and (b)(1).

The Presentence Report ("PSR") calculated a total offense level of ten and a criminal history category of IV, which resulted in a recommended United States Sentencing Guidelines range of fifteen to twenty-one months.  The District Court

---

[1] Jurisdiction over his term of supervised release was later transferred to the District Court for the Middle District of Pennsylvania

imposed a sentence of twenty-one months' imprisonment and three years' supervised release.[2]

Briseno-Flores appeals and his appointed counsel has moved to withdraw under Anders.[3]

## II[4]

### A

Our local rules allow defense counsel to file a motion to withdraw and an accompanying brief under Anders when counsel has reviewed the record and concludes that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).

---

[2] The District Court also imposed a consecutive eight-month sentence because Briseno-Flores's conviction violated the terms of his California supervised release. Briseno-Flores did not appeal this sentence.

[3] Briseno-Flores did not file his own pro se brief despite having the option to do so.

[4] The District Court had jurisdiction under 8 U.S.C. § 1329 and 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

In the Anders context, we exercise plenary review to determine if the record presents any nonfrivolous issues. Simon v. Gov't of the V.I., 679 F.3d 109, 114 (3d Cir. 2012) as amended (May 16, 2012) (citing Penson v. Ohio, 488 U.S. 75, 80-83 & n.6 (1988)). Whether an issue is frivolous is informed by the standard of review for each potential claim raised. See United States v. Schuh, 289 F.3d 968, 974-76 (7th Cir. 2002).

To determine whether counsel fulfilled their obligations, we examine the Anders brief to see if it: (1) shows that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal, even if "wholly frivolous," Smith v. Robbins, 528 U.S. 259, 285 (2000); and (2) explains why those issues are frivolous, United States v. Marvin, 211 F.3d 778, 780-81 (3d Cir. 2000). If counsel satisfies these requirements, "then we may limit our review of the record to the issues counsel raised." United States v. Langley, 52 F.4th 564, 569 (3d Cir. 2022).

Here, Briseno-Flores's counsel correctly recognized that, because Briseno-Flores pled guilty, his appellate issues were limited to the District Court's jurisdiction, the voluntariness of his plea, and the reasonableness of his sentence. See United States v. Broce, 488 U.S. 563, 569 (1989). The Anders brief adequately explains why any challenge to the Court's jurisdiction and the sentence lacks support. As to the voluntariness of the plea, the brief is also largely adequate except it fails to mention that the District Court did not inform Briseno-Flores at his change-of-plea hearing that it was obligated to calculate the Guidelines and to consider the Guidelines range, possible departures, and the 18 U.S.C. § 3553(a) factors in fashioning a sentence, as required by Fed. R. Crim. P. 11(b)(1)(M). As explained below, however, any challenge to the plea based on the District Court's omission would be frivolous.

B

The District Court had jurisdiction because Briseno-Flores was charged with violating 8 U.S.C. § 1326, a federal statute.[5] See 18 U.S.C. § 3231; see also 8 U.S.C. § 1329 (giving district courts jurisdiction over "all causes, civil and criminal, brought by the United States" pursuant to § 1326, among other immigration provisions). Moreover, venue in the Middle District of Pennsylvania was proper because Briseno-Flores was arrested in Dauphin County, which is in the Middle District. See 8 U.S.C. § 1329 (stating that the proper venue for § 1326 prosecutions is where the violation "occur[red]" or where the defendant is "apprehended"). Thus, any challenge to the District Court's jurisdiction and venue would be frivolous.

Any challenge to the knowing and voluntary nature of Briseno-Flores's plea would also be frivolous.[6] Under the Constitution and Federal Rule of Criminal Procedure 11, before accepting a guilty plea, "[t]he court must advise the defendant . . . of the waiver of certain constitutional rights[,] . . . the nature of the charges to which he or she is pleading guilty, the 'maximum possible penalty' to which he or she is exposed, [and] the court's 'obligation to'" apply the Guidelines and discretion to depart from the Guidelines.

---

[5] Our review of jurisdictional issues is plenary. United States v. Williams, 369 F.3d 250, 252 (3d Cir. 2004).

[6] Because Briseno-Flores did not object to the plea colloquy in the District Court, we review for plain error. United States v. Goodson, 544 F.3d 529, 539 & n.9 (3d Cir. 2008). To establish plain error, a defendant must show (1) an error, (2) which was plain, and (3) that affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-35 (1993). If a party can show plain error, we may exercise our discretion to correct the error if it "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted) (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).

United States v. Schweitzer, 454 F.3d 197, 202-03 (3d Cir. 2006) (quoting Fed. R. Crim. P. 11(b)(1)).

Here, the District Court's plea colloquy complied with the Constitution and Rule 11 in all respects except that the Court failed to inform Briseno-Flores that it was obligated to calculate the Guidelines range and had discretion to depart from that range.[7] See Fed. R. Crim. P. 11(b)(1)(M). Nevertheless, the Court's omission did not affect Briseno-Flores's substantial rights because there is nothing in the record to indicate Briseno-Flores would not have entered the plea had he been told about the Court's sentencing obligations. See United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004) ("[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea."). Moreover, even if there was such evidence in the record, we would decline to exercise our discretion to correct the error because it did not seriously affect the integrity of the judicial proceedings, United States v. Olano, 507 U.S. 725, 736 (1993), where (1) the Court thoroughly reviewed the Guidelines at the sentencing hearing, (2) Briseno-Flores (a) did not object to the Guidelines range calculation at the sentencing hearing, (b) received a

---

[7] The District Court's plea colloquy was sufficient in all other respects because the Court (1) advised Briseno-Flores that he could plead not guilty and proceed to trial at which he would have the right to counsel who could confront, cross-examine, and subpoena witnesses, that he had a right to testify, or not, at trial, and that the jury would presume him innocent unless the Government proved his guilt beyond a reasonable doubt, (2) informed Briseno-Flores of the penalties he faced, including deportation and a maximum sentence of ten years' imprisonment, three years' supervised release, and $250,000 fine, and (3) found that there was a factual basis for the guilty plea.

sentence within the Guidelines range, and (c) had been convicted of, and received a Guidelines sentence for, the same crime only two years earlier, and, therefore, was familiar with the Court's obligations under the Guidelines. Thus, on plain error review, Briseno-Flores is not entitled to relief based on the Court's omission, and any appeal challenging his plea would be frivolous.

Third, Briseno-Flores's sentence was procedurally and substantively reasonable.[8] As to procedural reasonableness, the District Court followed United States v. Gunter's three-step procedure, which requires a court to (1) calculate the applicable Guidelines range, (2) rule on departure motions, and (3) meaningfully consider the § 3553(a) factors. 462 F.3d 237, 247 (3d Cir. 2006).

The District Court fulfilled these requirements. It accurately calculated a total offense level of ten due to a base offense level of eight, U.S.S.G. § 2L1.2(a), a four-level increase because Briseno-Flores committed the instant offense after sustaining a felony conviction that was also an illegal entry offense, U.S.S.G. § 2L1.2(b)(1)(A), and a two-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a). When combined with Briseno-Flores's Criminal History Category of IV, the total offense level of ten results in a Guidelines range of fifteen to twenty-one months. See U.S.S.G. Ch. 5, Pt. A. Briseno-Flores did not make any departure motions.

_____

[8] Because Briseno-Flores did not object on any procedural grounds at sentencing, we review the procedural challenge for plain error. See United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). We review the substantive reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Azcona-Polanco, 865 F.3d 148, 151 (3d Cir. 2017).

Finally, the District Court gave "rational and meaningful consideration" to the § 3553(a) factors. United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (internal quotation marks omitted) (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)). The record shows that Court applied the § 3553(a) factors by (1) discussing the nature of the instant offense, including the fact that Briseno-Flores was arrested after having been removed seven times, (2) considering Briseno-Flores's personal history and characteristics, including testimony from his children, grandchildren, and a co-worker that he is a hard-working man, his "history of working in the construction business," his alcohol and substance abuse issues, and his twenty previous convictions for assault, DUI, public drunkenness, drug possession, and illegal reentry, which showed, in the Court's view, that his Criminal History Category of IV was understated, App. 26, and (3) explaining that a sentence at the high end of the Guidelines range was necessary to provide just punishment and adequate deterrence because Briseno-Flores had not been deterred from illegally reentering the United States in the past. See United States v. Levinson, 543 F.3d 190, 196 (3d Cir. 2008) (explaining that the district court's reasoning is adequate when it provides "an explanation . . . sufficient for [the appellate court] to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)"). As such, any argument that Briseno-Flores's sentence was procedurally unreasonable would be frivolous.

The sentence was also substantively reasonable. In determining whether a sentence is substantively reasonable, we "apply the § 3553(a) factors based on the totality

of the circumstances," <u>United States v. King</u>, 604 F.3d 125, 144 (3d Cir. 2010), and will only reverse the sentence if "no reasonable sentencing court would have imposed" it, <u>Tomko</u>, 562 F.3d at 568. The District Court weighed the nature of the instant offense and Briseno-Flores's prior criminal history against the testimony from his family members and co-workers and concluded a sentence at the top of the Guidelines range was necessary to punish and deter him. Because a within-Guidelines sentence is presumptively reasonable, <u>see</u> <u>United States v. Pawlowski</u>, 27 F.4th 897, 912 (3d Cir. 2022), and we cannot conclude that no reasonable sentencing court would have imposed the same sentence upon this repeat offender, <u>Tomko</u>, 562 F.3d at 568, any challenge to the substantive reasonableness of Briseno-Flores's sentence would lack merit.

III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the judgment and sentence of the District Court.

9